**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GATLIN GARY MORGAN,** | § | |
| **Petitioner,** | § | |
| **V.** | § | |
| | § | **1:24-CV-408-RP-ML** |
| **WARDEN FNU ROSALEZ,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended. Before the court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), Respondent's Motion to Dismiss (Dkt. 5), Petitioner's Motion to Contest Credit for Time Served (Dkt. 6), which the undersigned construes as a response to Respondent's Motion to Dismiss, and Respondent's Reply (Dkt. 7). After considering the pleadings, the record, and the relevant law, the undersigned issues the following Report and Recommendation.

## I. BACKGROUND

Petitioner Morgan "asserts that the BOP (Federal Bureau of Prisons) is holding him past his holding date." Dkt. 1 at 1. Morgan argues "[t]he BOP, contrary to their own policy and the direct verbiage of the law itself, denies the credits earned by [Morgan] under the FSA [2018 First Step Act]." *Id.*

Morgan has not exhausted his administrative remedies, which he acknowledges. Dkt. 6 at

1 ("I went up to a BO-10 grievance twice but was rejected each time and due to the rejection did not believe I could submit a BP-11 grievance.").

## II.  ANALYSIS

A district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. *See* 28 U.S.C. § 2241. A "federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Fillingham v. U.S.*, 867 F.3d 531, 535 (5th Cir. 2017) (quoting *Gallegos-Hernandez v. U.S.*, 688 F.3d 190, 194 (5th Cir. 2012)), *cert. denied*, 138 S. Ct. 1035 (2018).[1] Prisoners may exhaust their claims by appealing the loss of FSA time credits through the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. §§ 523.43(b), 542.10; *cf. Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (discussing exhaustion under the Prison Litigation Reform Act and explaining that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The failure to exhaust administrative remedies before filing a § 2241 petition warrants dismissal. *See Falcetta v. U.S.*, 734 F. App'x 286, 287 (5th Cir. 2018) (affirming dismissal of § 2241 petition because petitioner "failed to show that he exhausted his sentencing credit claim fully through the multistep BOP exhaustion procedure").

Morgan admits that he did not exhaust administrative remedies. Dkt. 6 at 1. He contends he is "scheduled to leave prison to the half-way house on October 20th, 2024. According to case

---

[1] Failure to exhaust administrative remedies does not deprive a district court of jurisdiction to hear a § 2241 petition because the requirement is jurisprudential and not statutorily required. *Lowe v. Colvin*, 582 F. App'x 323, 324 n.2 (5th Cir. 2014); *Taylor v. U.S. Treas. Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (per curiam) ("Whenever the Congress statutorily mandates that a claimant exhaust administrative remedies, the exhaustion requirement is jurisdictional because it is tantamount to a legislative investiture of exclusive original jurisdiction in the agency.").

manager Burleson even if [he does] receive [the requested] back time, he will not have enough time to resubmit [his] half-way house packet to get [] out by the correct August date." *Id.*

Insufficient time is not an exception to the exhaustion requirement. "While exceptions to the exhaustion requirement do exist, they apply only in 'extraordinary circumstances,' and the burden of proof for demonstrating the futility of administrative review rests with the petitioner." *Fillingham*, 867 F.3d at 535 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "[E]xhaustion of [] remedies takes time . . . but there is no reason to assume that [] prison administrators or [] courts will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973); *see also Noonan v. Bragg,* No. EP-12-CV-168-KC, 2012 U.S. Dist. LEXIS 71902, at \*7 (W.D. Tex. 2012)

Morgan admits that he did not exhaust the administrative remedies process, but he does not attribute his failure to extraordinary circumstances. Failure to exhaust administrative remedies warrants dismissal. *See Falcetta*, 734 F. App'x at 287. Accordingly, the undersigned will recommend his petition be dismissed.

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** the District Court **GRANT** Respondent's Motion to Dismiss (Dkt. 5) and **DISMISS** Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) without prejudice for failure to exhaust administrative remedies.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED July 22, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

4